1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11

REGINA MAE TURNER,

12

                                Plaintiff,

13

        v.

14

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

15

                                Defendant.

16

17

**Case No. 1:17-cv-00022-GSA**

**ORDER DIRECTING ENTRY OF
JUDGMENT IN FAVOR OF PLAINTIFF
REGINA MAE TURNER AND AGAINST
DEFENDANT NANCY BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY**

18

## I.    INTRODUCTION

19

        Plaintiff, Regina Mae Turner ("Plaintiff"), seeks judicial review of a final decision by the

20

Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for

21

Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act.[2] The

22

matter is currently before the Court on the parties' briefs, which were submitted without oral

23

argument to the Honorable Gary S. Austin, United States Magistrate Judge.[3] (Docs. 16, 18, and

24

25

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

26

27

[2] Plaintiff also submitted an application for Disability Insurance Benefits pursuant to Title II of the Social Security Act, however that application was denied because Plaintiff did not have enough credits to obtain benefits. Plaintiff did not appeal that decision. AR 91-93.

28

[3] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 7 and 8).

19). Upon a review of the administrative record, the Court finds the ALJ did not apply the correct legal standards and the decision is not supported by substantial evidence. Plaintiff's appeal is GRANTED IN PART and the case is remanded to the agency for further proceedings.

## II.     BACKGROUND AND PRIOR PROCEEDINGS

Plaintiff previously worked as a bartender but could no longer work because she kept dropping bottles. AR 33; 45-46; 201. She filed an application for SSI on or about July 30, 2012, alleging disability beginning April 1, 2012 due to a heart attack, depression, arthritis, a hearing loss, tumors and a thyroid issue. AR 175-189; 198; 209.[4] The parties agree that Plaintiff properly exhausted her administrative remedies and that the Appeals Council denied Plaintiff's appeal. (Doc.16, pg. 2 and Doc. 18, pg. 2). Therefore, this appeal is a review of Administrative Law Judge Judson Scott's ("ALJ") decision issued on May 22, 2015, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 11-21.

Plaintiff now challenges that decision arguing that the ALJ failed to address Plaintiff's literacy at step-five. She requests that the case be remanded for an award of benefits, or alternatively, that the case be remanded for further proceedings. (Doc. 16, pgs. 5-12; Doc. 19, pgs. 3-6). In opposition, Defendant argues the ALJ's step-five findings are supported by substantial evidence because the ALJ reasonably evaluated Plaintiff's education and literacy levels and concluded she could perform work existing in significant numbers in the national economy. The Commissioner requests that Plaintiff's appeal be denied. (Doc. 18, pgs. 5-9).

## III.     THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

. . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age,

---

[4] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 416.920(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920 (a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 416.913.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

**IV. SUMMARY OF THE ALJ'S DECISION**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 21. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 30, 2012, the application date. AR 13. Further, the ALJ identified hypertensive heart disease, hypertension, insomnia, obesity, and major depressive disorder as severe impairments. AR 13. Nevertheless, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 14-15.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR § 416.967(a), except with the following limitations: she could lift twenty-five pounds frequently and fifty pounds occasionally; carry ten pounds

frequently and between twenty-five to fifty pounds occasionally; stand three hours in an eight-hour day in one-hour increments; walk two hours in an eight-hour day in thirty minute increments; sit eight hours in an eight-hour day in two-hour increments, all with normal breaks; perform postural activities occasionally except frequently balance and climb stairs and ramps and no climbing ladders, ropes or scaffolds; no manipulative or foot control restrictions; no work at heights; occasional exposure to hazardous moving machinery; perform the full range of simple repetitive one to four-step tasks and up to minimally detailed work; frequently interact with co-workers superficially; occasionally interact with supervisors; occasionally have superficial contact with the public; handle ordinary stress; no work requiring more than a sixth-grade level of reading or writing; and can remain on task and maintain attendance. AR 19-20. At step four, the ALJ found Plaintiff had no past relevant work. AR 19. At step five, after relying on vocational-expert testimony, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy such as a small products assembler, an assembler of electrical accessories, and a sewing machine operator.

## IV.  STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405 (g).  Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

///

4

## V. DISCUSSION

### A. The ALJ's Evaluation of Plaintiff's Literacy Is Not Supported by Substantial Evidence.

Plaintiff argues that the ALJ improperly assessed her literacy by finding that she could read and write because she completed the sixth grade. In making this finding, Plaintiff contends that the ALJ ignored statements she made during the hearing and throughout the application process that she could not read, write, or comprehend things (AR 35; 40), and that she had a learning disability. AR 227-228. Instead, the ALJ misconstrued statements Plaintiff made to Dr. Musacco, a consultative psychologist, to erroneously conclude that she completed the sixth grade and was therefore literate. AR 407-410 (Doc. 16, pgs. 5-12; Doc. 19, pgs. 3-6). In opposition, Defendant argues that the ALJ reasonably assessed Plaintiff's inconsistent claims about whether she completed the sixth grade, and whether or not she could read or write. (Doc. 18, pgs. 5-9). Specifically, Defendant points to the fact that at the initial intake, Plaintiff reported that she: (1) could read and understand English, (2) that she completed the sixth grade (AR 208), and (3) that she did not attend special education classes. AR 210. Similarly, during the hearing when asked if she completed the sixth grade, Plaintiff responded, "Probably. I don't remember." AR 36. Finally, Defendant argues that Plaintiff reported to Dr. Musacco that she attended school through the sixth grade, but she did not go to junior high or high school because she was required to stay home to care for younger family members. AR 407. Given these facts, Defendant contends the ALJ's findings that Plaintiff is literate is reasonable. After reviewing the record, the Court finds that the ALJ's decision is not supported by substantial evidence.

It is Commissioner's burden of establishing that the Plaintiff is literate. *Silviera v. Apfel*, 204 F.3d 1257, 1261 (9th Cir. 2000). Illiteracy pertains to the ability to read and write English. 20 C.F.R. § 416.964(b)(1). In particular, illiteracy is defined as the inability to read or write a simple message such as instructions or inventory lists, even though the person can sign his or her name. 20 C.F.R. § 416.964(b)(1). Moreover, when assessing educational levels, the regulations require that the ability to speak, understand, read, and write in English be considered. 20 C.F.R. § 416.964(b)(6).

When discussing Plaintiff's illiteracy, the ALJ acknowledged that Plaintiff stated she could not read or write, yet he failed to address the issue further. The ALJ stated, "The claimant reported that she is unable to read or write and has a learning disability, but she was not placed in special education and there is no evidence of a learning disability." AR 18. He then limited Plaintiff's RFC to "no work requiring more than a sixth-grade level of reading or writing." AR 15. The Commissioner points to Dr. Musacco's report to support this finding. However, reading the entire section of that report undermines the ALJ's findings. Dr. Musacco's report in relevant section provides as follows:

> The claimant attended school through the sixth grade. However, she did not go to junior high or high school as she was required to stay home to care for her younger family members. *The claimant told me that she has suffered from deficits in her reading and writing skills and she obtained poor grades during the short timeframe that she was in school. She never returned to school or obtained a GED or diploma*. AR 407. (emphasis added)

Thus, even though Dr. Musacco stated Plaintiff completed the sixth grade, Plaintiff told Dr. Musacco that she struggled in school which is consistent with her testimony at the hearing and throughout the application process that she was unable to read and write. AR 35; 40; 227-228. Although the Commissioner also argues that Plaintiff reported she could read and write on her initial disability application, that form was completed over the phone by a disability officer. AR 198-200. The disability report asks Plaintiff if she can "read and understand English?" followed by, "Can you write more than your name in English." AR 208. Plaintiff responded affirmatively to each question, however, these questions did not evaluate the level at which she is able to read or write. Therefore, her English literacy was not directly assessed. As previously noted, illiteracy is defined as the inability to read or write a simple message such as instructions or inventory lists, even though the person can sign his or her name. 20 C.F.R. § 416.964(b)(1). Even if Plaintiff completed the sixth grade, it is unclear that she meets this definition given that she told the ALJ twice she could not read or write (AR 35-36; 40), and also indicated she was unable to read or write on her self-reported survey that was completed by another person. AR 227.

Defendant argues that Plaintiff's literacy is not material because the jobs the ALJ

identified were limited to unskilled work. However, the literacy issue is relevant because while the identified jobs are unskilled labor, they still may require a reading or writing level that is higher than Plaintiff's capabilities. For example, an assembler of electrical accessories (DOT 729.687-010) and a sewing machine operator (DOT 786.685-030) are both classified as a Language Level 2, which requires a reading rate of 190-215 words per minute. A small products assembler DOT 706.684-022 is classified as a Language Level 1, which requires that the worker read at a rate of more than 95-120 words per minute. Defendant argues that Plaintiff's previous work as bartender undercuts her claims of illiteracy because under the DOT's definition, a bartender must "carry out instructions furnished in written, oral, or diagrammatic form . . . draw and interpret bar graphs [and]. . . read a variety of novels, magazines, atlases, and encyclopedias . . . safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures in mechanical drawing and layout work." DOT 312.474-010. The Commissioner contends that Plaintiff performed this work for approximately two years and stated that she stopped due to issues with her hands, not because of an inability to perform any literacy-based duties. AR 33; 46. However, Plaintiff never testified about the specifics of her job when she worked as a bartender so the Court is unable to determine if her duties as she performed them were consistent with the DOT definition. Moreover, although a claimant is not *per se* disabled if he or she is illiterate, the ALJ must definitively explain why he or she deviates from the DOT language requirements when finding that a claimant can perform the requirements of a job. *Zavalin v. Colvin*, 778 F. 3d 842, 846 (9th Cir. 2015); *Massachi v. Astrue*, 486 F. 3d 1149, 1153-1154 (9th Cir. 2007); *Cisneros-Bello v. Berryhill*, 2017 WL 1037618 at * 6 (E.D. Cal. March 16, 2017). The ALJ did not do so here. Instead, the ALJ improperly found Plaintiff could read and write at a sixth grade level based on facts in the record which are not supported by substantial evidence and presented that information to the VE. AR 279-282. Therefore, the Court is not persuaded by Defendant's arguments.

Given the facts as outlined above, the extent to which Plaintiff can read and write is unclear and the case must be remanded. *Silviera v. Apfel*, 204 F.3d at 1262 (remanding when there is insufficient evidence in the record to determine whether or not the claimant was literate in

English); *Rodriguez v. Astrue,* 2013 WL 458176 * 2 (C.D. Cal. Feb. 5, 2013) (remanding when Plaintiff stated she could read and write "a little" English); *Calderon v. Astrue*, 2009 WL 3790008, at *9 -10 (E.D. Cal. Nov.10, 2009) (burden not met where plaintiff testified, "I can read a little bit and I can write a little bit, not much"; court reasoned that "[a] vague response of '[a] little bit' in response to whether or not a claimant can read or write English is insufficient to establish that Plaintiff can read or write a simple message in the English language."). Here, Plaintiff explicitly stated she was unable to read and write, yet her literacy skills were never assessed. Therefore, the record is not sufficiently developed to make a disability determination and the case shall be remanded for further proceedings. *Garrison v. Colvin*, 759 F. 3d 995, 1020 (9th Cir. 2014) (Remand for an award of benefits is only appropriate when the record is fully developed and further administrative proceedings would serve no useful purpose). This is especially true since the VE never addressed the effect Plaintiff's literacy would have on her ability to perform the identified jobs. Accordingly, on remand the ALJ should further develop the record to assess Plaintiff's literacy – not just her educational level. When doing so, the ALJ should conduct any assessments he deems appropriate to determine the extent to which Plaintiff can read and write English. Any literacy limitations supported by substantial evidence shall be presented to the VE who should then address how Plaintiff's literacy levels, coupled with her other limitations, would impact Plaintiff's ability to perform any available jobs.

///
///
///
///
///
///
///
///
///
///

## VII.    CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence in the record as a whole, and is not based on proper legal standards.  Accordingly, this Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security IN PART. The Clerk of this Court is DIRECTED to enter judgement in favor of Plaintiff, Regina Mae Turner, and against Nancy A. Berryhill, the Commissioner of Social Security.  The Clerk of the Court shall also close this action.

IT IS SO ORDERED.

Dated:    **March 20, 2018**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE